IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH EMMANUEL GAXIOLA, | No. 2:25-cv-0556-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| CITY OF MODESTO, et al., | |
| Defendants. | |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 3.

        The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for "exceptional circumstances" requires the Court to evaluate the plaintiff's likelihood success on the merits and the ability of the plaintiff to articulate his claims on his own considering the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the Court does not currently find the required exceptional circumstances. Plaintiff contends that he cannot afford an attorney. See ECF No. 3, pg. 1. Plaintiff also states that he has limited knowledge of the law, and a lawyer can help with the trial process. Id. at 2 . The Court finds that these are largely typical and not exceptional circumstances. Additionally, Plaintiff asserts that his "visual impairment," "mobility issues," "seizure disorder," and "chronic back pain" are his disabilities. See id As to Plaintiff's disabilities, all the disabilities stated are physical in nature. Plaintiff's filings in this matter are coherent and demonstrate an understanding of his claims and ability to proceed notwithstanding his claimed disabilities. Indeed, a review of the docket reflects that Plaintiff can present his claims, which are neither factually nor legally complex, on his own.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel, ECF No. 3, is denied.

**Dated:  June 5, 2025**

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE