UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH EMMANUEL GAXIOLA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF MODESTO, et al.,<br><br>Defendants. | No.  2:25-cv-00556-DAD-DMC (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION OF THE MAGISTRATE JUDGE'S JUNE 9, 2025 ORDER<br><br>(Doc. No. 11) |

Plaintiff Joseph Emmanuel Gaxiola is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  This matter was referred toa United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 9, 2025, the assigned magistrate judge issued an order denying plaintiff's motion to appoint counsel.  (Doc. No. 10.)  In that order, the assigned magistrate judge concluded that plaintiff had not shown the requisite "exceptional circumstances" to justify appointment of counsel in a civil matter while noting that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  (*Id.* at 1–2) (citing *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989)).  On June 24, 2025, plaintiff filed a motion for reconsideration of the magistrate judge's order, in which plaintiff contends that his physical disabilities constituting exceptional circumstances justifying the appointment of counsel in this case.  (Doc.

1

No. 11 at 2–5.)  On February 5, 2026, the assigned magistrate judge issued an order directing the Clerk of the Court to randomly assign a district judge to consider the motion for reconsideration pursuant to Local Rule 303.  (Doc. No. 14.)

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. Fed. R. Civ. P. 72 (a); *see also* L.R. 303(c).  The district judge shall modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law."  L.R. 303(f); *see also* 28 U.S.C. § 636(b)(1)(A).  The magistrate judge's factual determinations are reviewed for clear error, while legal conclusions are reviewed to determine whether they are contrary to law.  *United States v. McConney*, 728 F.2d 1195, 1200–01 (9th Cir. 1984), *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991).  "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of [the] applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure."  *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014).  "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted).

Here, plaintiff requests reconsideration of the assigned magistrate judge's June 9, 2025 order denying the appointment of counsel on the grounds that his physical disabilities constitute exceptional circumstances.  (Doc. No. 11.)  The assigned magistrate judge considered these circumstances in his order, but ultimately found that plaintiff's filings indicate that plaintiff understands his claims and is able to proceed "notwithstanding his claimed disabilities."  (Doc. No. 10 at 2.)  Though plaintiff's disabilities appear legitimate and burdensome based on the supporting documentation he has filed in support of his motion to appoint counsel (Doc. No. 3 at 21–69), courts have found that physical disabilities standing alone do not demonstrate that a plaintiff will be unable to litigate their claims without the assistance of counsel.  *See Baker v. Lifetime Advoc. Plus*, No. 2:25-cv-01785-TL, 2026 WL 456787, at *3 (W.D. Wash. Feb. 18,

2026) (collecting cases finding no exceptional circumstances based on physical disabilities where the plaintiff was still able to litigate their claims).  Accordingly, the court concludes that the magistrate judge did not clearly err in denying plaintiff's motion to appoint counsel at this time and therefore must deny the motion for reconsideration.

For the reasons above, the court DENIES plaintiff's motion for reconsideration (Doc. No. 11) and refers this matter back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:    **March 19, 2026**

_Dale A. Drozd_

DALE A. DROZD
UNITED STATES DISTRICT JUDGE