**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH EMMANUEL GAXIOLA, Plaintiff, v. CITY OF MODESTO, et al., Defendants. | No. 2:25-cv-0556-DAD-DMC-P ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

/ / /

/ / /

Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

### A. **Factual Allegations**

Plaintiff names fourteen defendants: (1) City of Modesto; (2) Stanislaus County Sheriff's Department (SCSD); (3) Jeff Dirkse, Sheriff-Coroner at SCSD; (4) Joe Crabtree, Facility Sergeant at SCSD; (5) D. Rivera, Facility Training Officer (FTO) at SCSD; (6) A. Tate, Facility Sergeant at SCSD; (7) M. Marquez, Facility Lieutenant at SCSD; (8) Singh, Facility Deputy and Custodian at SCSD; (9) WellPath Medical Provider, medical and mental health care contractor with SCSD; (10) Krystal Owens, Licensed Nurse Practitioner at WellPath; (11) Ely R., Registered Nurse and Supervisor at WellPath; (12) Rashonda Mello, Registered Nurse at WellPath; (13) Veronica Berghorst, Registered Nurse at WellPath; (14) Sunny Bassi, Family Nurse Practitioner at WellPath. See ECF No. 1, pgs. 2 and 8-10.

Plaintiff contends that, as a result of a traumatic brain injury that occurred in 1995, Plaintiff is "diagnosed with post-tramatic [sic] and recurring grand-mal seizures, post-tramatic [sic] migraine headaches characterized by nose bleeds eye hemorrhages, photo-sensitivity, visual impairment, with continues visual disturbances, multi-level degenerative disc disease, and limited mobility." Id. at 3. In the complaint, Plaintiff provides background on the incident that caused his

/ / /

traumatic brain injury and the resulting impact that injury has on his life. See id. at 3 and 12-14.

Plaintiff contends that in July 2008 he "experienced his first grand mal seizure" and was cared for at the Sutter Coast Hospital for injuries sustained, but not for his syncopal episodes or seizure activity. Id. at 12. Plaintiff asserts his "syncope and seizure activity" continued and he was hospitalized again in April 2009, diagnosed, and placed on anti-seizure medication he claims to have "stabilized" his condition. Id. at 13. Plaintiff contends he was also recommended protective headgear by physicians. See id. Plaintiff contends the Medical Authorization Committee at Pelican Bay State Prison "discontinue[d] Plaintiff's seizure medication" in December 2009. Id. Plaintiff asserts that until 2023 he was taken off his medication, experienced syncopal episodes and seizures resulting in injuries, and filed numerous grievances and administrative appeals. See id. at 13-14.

Plaintiff asserts that on December 20, 2023, Plaintiff was transferred from Pleasant Valley State Prison to Stanislaus County Sheriff's Detention Center. See id. at 15. According to Plaintiff, before transport, Plaintiff provided the employee from Stanislaus County Sheriff's Detention Center with several personal items to be transported with Plaintiff, some of which were required due to his medical conditions. See id. at 15. Plaintiff contends that "Defendants were completely and fully aware" that Plaintiff had a medical condition, "medical information" was transported with Plaintiff, and Plaintiff was on chronic care with Americans with Disabilities Act (ADA)/special needs. Id. at 21. However, Plaintiff asserts that when he arrived, employees withheld access to his ADA walking cane and ADA protective headgear (seizure helmet) at SCSD. See id. at 16. Plaintiff contends that these items remained withheld despite Plaintiff requesting assistance from an unknown employee, submitting a request form on December 20, 2023, and filing multiple grievances. See id. Plaintiff contends that after submitting the request form, Defendant Crabtree informed Plaintiff that "'We do not allow these items. They will go back with you when you go to prison.'" Id. at 16. Plaintiff asserts that after filing a grievance regarding the interaction with Defendant Crabtree, Defendant Ely, RN supervisor for Defendant Wellpath, claimed that Plaintiff's records did not show that he required protective headgear nor was Plaintiff provided one at Pleasant Valley State Prison. See id. at 17-18.

According to Plaintiff, on January 6, 2024, he filed a grievance regarding an order from Defendant Dirkse that stated Plaintiff must be "fully chained in restraints" and "chained to a table" in order to "receive recreational time outside of his cell." Id. at 18. Plaintiff asserts that Defendant Singh later replied to Plaintiff's grievance that "County Jail operates differently from prison, and each facility has its own set of rules and procedures." Id. Plaintiff contends he appealed Singh's response which Crabtree responded to on January 18, 2024, by "concurring with Defendant Singh's response en banc." Id. at 18-19. According to Plaintiff, he further appealed on January 20, 2024, which was responded to by Defendant M. Marquez who further concurred with the prior responses. Id. at 19.

Plaintiff contends that on January 25, 2024, he was shackled in "leg restraints, waste [sic] and risk restraints" and was chained to a steel table in an interview cell by Singh and Defendant Rivera for a meeting his with attorney. Id. at 17. Plaintiff asserts that he suffered a grand mal seizure while chained to the table, fell unconscious, and suffered a head injury from the grand mal seizure. See id. Plaintiff contends Rivera, Defendant Tate, unknown agents, Defendant Owens, Defendant Mello, and Defendant Berghorst were witnesses. See id. at 19. Plaintiff contends he was unconscious during the incident and later woke up on the cell floor with side effects including extreme dizziness, pain, cuts and bruising on his wrist and ankles, headache, and a "huge swollen cranial protuberance to the back of his head." Id. at 20. Plaintiff asserts that he requested immediate medical attention to which an "unknown agent" replied "medical was aware and will be contacted" but Plaintiff never received "immediate medical treatment nor [was] ever examined by a qualified physician." Id.

According to Plaintiff, on January 25, 2024, Defendant Rivera wrote an incident report stating that Plaintiff suffered two seizures while chained to the table which rendered him unconscious. Id. at 21. Plaintiff contends the report stated that Defendant Rivera, Defendant Tate, and unknown deputies "found and dragged Plaintiff by his restraints back to his holding cell which was about 20 yards away." Id. Plaintiff contends the report then stated Plaintiff suffered a third seizure and Defendant Rivera used smelling salts to wake Plaintiff up, but left Plaintiff in his cell with no treatment. See id.

**B. Claims Asserted by Plaintiff**

Plaintiff asserts various claims which, generally, begin with Plaintiff incorporating by reference Plaintiff's factual allegations and all prior claims. See ECF No. 1, pgs. 21, 23, and 28. First, Plaintiff asserts that those defendants with positions as peace officers violated his Eighth Amendment right by subjecting Plaintiff to cruel and unusual punishment. See id. at 21-22. Plaintiff alleges Defendants acted with "indifference to his serious medical condition and disabilities" by failing to intervene or provide timely medical treatment and discriminating against Plaintiff. Id. at 22. Plaintiff claims Defendants knew, or should have known, about his medical condition and that delayed care would result in further injury. See id. at 22. Plaintiff alleges that his delayed care was malicious and done with a reckless indifference to his rights and safety. See id.

Next, Plaintiff asserts his Fourteenth Amendment right to privileges or immunities, and equal protection of the laws was violated by Defendants. See id. at 22-23. Plaintiff asserts his Fourteenth Amendment rights were violated through deliberate indifference causing injuries and infliction of pain. See id.

Plaintiff then asserts a municipal liability claim against Defendant City of Modesto, Defendant SCSD, and Defendant WellPath. See id. at 23. For this claim, Plaintiff references the factual allegations on December 20, 2023. See id. Plaintiff asserts there is a policy of inaction through inadequate supervision, training, controlling, assigning and disciplining deputies that resulted in a violation of his constitutional rights that was knowingly maintained. See id. at 24. Plaintiff alleges Defendants Modesto, SCSD, and WellPath employed deputies and personnel as peace officers that Defendant knew, or should have reasonably known, had "dangerous propensities for abusing their authority and for mistreating prisoners," and failed to follow written city or SCSD policies, including the use of "inhumane and degrading treatment, discrimination, and torture." Id. at 24. Plaintiff asserts that Defendants Modesto, SCSD, and WellPath were inadequate in their "supervising, training, controlling, assigning, and disciplining" of SCSD deputies and personnel who "city knew, or, if exercising reasonable care, should have reasonably known," had the propensity to discriminate against people with serious medical

conditions and disabilities. Id. Plaintiff claims Defendants Modesto, SCSD, and WellPath maintained grossly inadequate procedures for "reporting, supervising, investigating, reviewing, disciplining, and controlling" the intentional misconduct by deputy sheriffs and custodial officers at SCSD. Id. at 25. Plaintiff claims Defendants Modesto, SCSD, and WellPath failed to discipline SCSD deputies conduct including, but not limited to, "unlawful discrimination and deliberate indifference equivalent to inhumane, degrading treatment akin to torture." Id. Further, Plaintiff asserts that Defendants Modesto, SCSD, and WellPath ratified intentional misconduct of Defendants and deputies. Id.

Plaintiff claims Defendants Modesto, SCSD, and WellPath have an unconstitutional policy, custom, and practice of transporting and detaining individuals with serious medical conditions and disabilities with ascribed permanent ADA Durable Medical Equipment (DME) from prison to jail. See id. Plaintiff asserts Defendants' policy and inadequate training of Defendants "who are Deputy Sheriff's [sic] of Stanislaus County and Custodial Officers for [SCSD]." According to Plaintiff, these Defendants deprive individuals with disabilities from having ADA DME with no reasonable purpose, probable cause, or reasonable suspicion, while acting with discriminatory and deliberate indifference to individuals' safety and rights. Id. Additionally, Plaintiff claims Defendants Modesto, SCSD, and WellPath's failure to property investigate claims of unlawful discrimination, denial of medical care, and improper treatment to persons with serious medical needs and disabilities by SCSD violates Plaintiff's rights. See id. at 25-26. Plaintiff alleges the policies and practices of Defendants Modesto, SCSD, and WellPath, "individually and personally as peace officers," caused Plaintiff to be severely injured, experience pain and suffering, and lose earning capacity. Id. at 26. Plaintiff further alleges Defendants Modesto, SCSD, and WellPath had actual or constructive knowledge of these "deficient policies, practices, and customs" but condoned, tolerated, and ratified them through actions and inactions. Id. Plaintiff asserts the Defendants Modesto, SCSD, and WellPath acted with deliberate indifference to the known consequences of the policies which violated Plaintiff's, and others similarly situated, constitutional rights. See id. Plaintiff asserts the actions, and inactions, of Defendants Modesto, SCSD, and WellPath were a significant cause of his injuries

and, further, that they were "affirmatively linked" to his injuries. Id.

Next, Plaintiff asserts Defendant SCSD violated Section 601 of Title VI of the Civil Rights Act of 1964. See id. at 27. In this claim, Plaintiff references the factual allegations on January 25, 2024. See id. at 28. Plaintiff asserts SCSD failed to properly train, supervise, or discipline all Defendants in recognizing symptoms of disability under Title II of the ADA. See id. at 27. Plaintiff asserts that such actions excluded and denied Plaintiff and other qualified individuals from benefits and services provided by Defendant City of Modesto. See id. at 27. Plaintiff further alleges Defendant discriminated against individuals protected by the ADA, including himself, resulting in the use of inhumane treatment and Plaintiff experiencing "torture and physical abuse to his body and mind." See id.

Plaintiff alleges Defendants "decided to unlawfully employ the use of excessive force" by dragging Plaintiff in "full chain restraints" while unconscious from a "severe head injury" around 20 yards and throwing him on the concrete floor of his holding cell. Id. at 28. Plaintiff asserts the improper conduct of Defendants exacerbated his health crisis because they did not "provide reasonable accommodations during their encounter," did not contact emergency medical services, and did not give Plaintiff access to medical care or a hospital. Id.

Plaintiff then asserts Defendants violated California Civil Code 52.1, but specific Defendants are not listed. See id. at 28-29. Plaintiff contends that the actions of the peace officers constitute interference through threats, intimidation, and coercion with Plaintiffs peaceable exercise and enjoyment of his rights granted by the Constitution and state laws of California. See id. at 28-29. Plaintiff asserts he suffered violations of his constitutional rights and suffered damages as a direct and proximate result of Defendants violation of California Civil Code 52.1. See id. at 29.

Next, Plaintiff asserts a violation of California Government Code 845.6 against all Defendants. See id. at 29. Plaintiff alleges Defendants knew, or had reason to know, he needed medical care when he was in Defendants' custody for emergency assessment because of his inability to care for himself and being a danger to himself. See id. Plaintiff asserts Defendants ceased providing emergency medical treatment without prompting and "initiate[d] force against a

medically ill person" while five to six miles away from a hospital. Id. Plaintiff asserts each Defendant "failed to take reasonable action to provide Plaintiff with proper medical health care and treatment." Id. at 30. Plaintiff alleges each Defendant, employed and acting "within the course and scope" of employment knew, or had reason to know, that Plaintiff needed medical assistance and failed to take reasonable care. Id.

Plaintiff asserts a violation of the ADA against Defendant City of Modesto and Defendant SCSD.[1] See id. at 30. Plaintiff asserts 42 U.S.C. § 12132 was violated by Defendants' failure to "train, supervise, and/or discipline Defendants 2-14" to properly recognize symptoms of disability under Title II of the ADA. Id. Plaintiff claims Defendant excluded qualified individuals, such as Plaintiff, from participating in or denying benefits and services provided by Defendant and discriminated against Plaintiff "resulting in the use of force, degrading and inhumane treatment against Plaintiff" which caused Plaintiff "physical abuse and torture to his body and mind." Id. at 30-31.

Plaintiff asserts a violation of the Title II of the ADA § 12101 against Defendant City of Modesto and SCSD. See id. at 31. Plaintiff references the Department of Justice Regulations for Title II of ADA-Code of Federal Regulations Title 28 Part 35- Nondiscrimination on the Basis of Disability in State and Local Government Services subpart B- general requirements section 35.130. See id. Plaintiff alleges Defendants "failed to train, supervise, and/or discipline" Defendants 2-14 to recognize symptoms of disability under Title II of the ADA. Id. Plaintiff claims Defendants excluded qualified individuals, such as Plaintiff, from "participating in or denying benefits and services" provided by Defendant and discriminated against qualified individuals. Id. Plaintiff alleges this resulted in the "unlawful use of force, degrading [and] inhumane treatment and denial of medical care against Plaintiff" during the incident on January 25, 2024. Id. at 31-32[2]. Plaintiff contends these actions resulted in "receiving physical abuse and torture to his body and mental state of well-being." Id. at 32.

---

[1] Plaintiff states, "Defendant City, and/or County of Stanislaus," and, based on the named Defendants in the complaint, the Court finds Plaintiff is referencing Defendant City of Modesto and Defendant SCSD. See id. at 30.

Next, Plaintiff asserts a violation of § 504 of the Federal Rehabilitation Act of 1973. See id. at 32. Plaintiff references the factual allegations on January 25, 2024, but does not clarify which defendant the claim is brought against. See id. at 32-33. Plaintiff asserts he qualifies as a disabled person and he was qualified to receive medical services and treatments offered by Defendants. See id. at 32. Plaintiff asserts Defendants receive federal financial assistance within the scope of this section through Medicare funding. See id. Plaintiff contends that by accepting the Medicare, Defendants are prohibited from excluding, denying benefits to, or discriminating against disabled persons solely based on medical conditions in connection with Defendants provision of medical services. See id. Plaintiff alleges that each Defendant violated Plaintiff's rights under this section by refusing to provide necessary medical care, treatment, and access to Defendants' facilities, services, and accommodations based solely on his disability status. See id. at 33. Plaintiff asserts that because of the violation of this section, he suffered harm through denied medical treatment, physical pain, shame, humiliation, degradation, and emotional distress entitling him to damages. See id. at 33.

Next, Plaintiff asserts a violation of the Torture Victim Protection Act of 1991 against all Defendants. See id. Plaintiff alleges that the Defendants conduct was done with the intention to cause, or with reckless disregard of the probability of causing, Plaintiff to suffer severe and mental and/or emotional distress from the factual allegation on January 25, 2024. See id. at 33 and 35. Plaintiff contends this incident left him "suffering, humiliated, shamed, shocked, degraded, and further left to suffer extreme and enduring physical pain." Id. at 35. Plaintiff asserts the Defendants knew or should have known of their "ethical duty" to treat the emergency as required by both state and federal law. Id. Plaintiff asserts Defendants knew or should have known that not providing Plaintiff with protective headgear, such a seizure helmet, would make Plaintiff particularly susceptible to harm and injury. Id. Plaintiff further alleges Defendants' acts were "willful, reckless, malicious, oppressive, an done with a callous disregard for the consequences substantially certain to occur." Id. at 35-36.

/ / /

/ / /

Lastly, Plaintiff asserts a violation of 42 U.S.C. 1983 and Title VI of the Civil Rights Act of 1964 against Defendants WellPath, Krystal Owens, Ely R., Rashonda Mello, Veronica Berghorst, and Sunny Bassi. See id. at 37. Plaintiff asserts that the Defendants had actual or constructive knowledge of the deficient policies, practices, and customs alleged in previous claims. See id. at 37-38. Plaintiff asserts Defendant WellPath condoned and tolerated the policies through actions and inactions thereby "ratify[ing]" them. Id. at 38. Plaintiff asserts WellPath acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and others in similar situations. See id. Plaintiff asserts that WellPath acted with intentional, reckless, and callous disregard for the health and safety of Plaintiff by perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts. See id. Plaintiff alleges the actions and inactions of WellPath were "willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities." Id. Plaintiff contends that the "policies, practices, and customs implemented and maintained and still tolerated" by WellPath were "affirmatively linked" to and were a "significantly influential force behind" Plaintiff's injuries. Id. Plaintiff asserts he was excluded from participation in, denied the benefits of, and subjected to discrimination solely because of his disability which as was evident by the "confidential transfer of Plaintiff's medical records" on December 20, 2023, that stated Plaintiff was on Chronic Care and has special ADA needs. Id.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## II. DISCUSSION

As discussed below, the Court finds that Plaintiff potentially states cognizable claims. The complaint, however, suffers from a number of defects as to other claims and defendants. Plaintiff will be provided leave to amend.

### A. Causal Link

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Because Plaintiff does not allege any facts relating Defendant Dirske to a constitutional violation, Plaintiff has not stated a cognizable claim against Defendant Dirkse. Plaintiff will be provided leave to cure this defect.

The following claims are not cognizable due to a defect in causal link. Plaintiff will be granted leave to amend. Incorporating preceding allegations into a cause of action is, in the Court's experience, a common pleading practice. However, when placed alongside the numerosity of Plaintiff's claims and particularly general nature of Plaintiff's negligence count, it is unpersuasive.

1. Plaintiff has failed to name which defendants he is attempting to link to allegations of a violation of the Eighth Amendment. Plaintiff states his claim against defendants acting as peace officers that the Court assumes may be Defendants Dirkse, Crabtree, Rivera, A. Tate, M. Marquez, and Singh, but he fails to name defendants directly. Furthermore, Plaintiff has failed to link the potential violation of the Eight Amendment to any factual allegations.

2. Plaintiff has failed to name which defendant is linked to allegations of a violation of the Fourteenth Amendment. Plaintiff has not linked this claim to any factual allegations.

3. Plaintiff brings a claim of a violation of Section 601 of Title VI of the Civil Rights Act of 1964 against Defendant SCSD and specifically references the factual allegations from January 25, 2024. Title VI of the Civil Rights Act of 1964 states "no person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Plaintiff fails to illustrate how he was discriminated against based on his race, color, or national origin. Plaintiff will be given leave to amend this claim. The same issue arises in Plaintiffs claim against Defendant WellPath for a violation of Title VI of the Civil Rights Act. Plaintiff has properly named Defendant and stated the factual allegations, but his claims are based on disability discrimination, not discrimination based on race, color, national origin.

4. Plaintiff has failed to name which defendant is linked to allegations of a violation of California Civil Code 52.1. Furthermore, Plaintiff has failed to state what conduct resulted in the alleged violation.

5. Plaintiff has failed to name which defendant is linked to the allegations of a violation of section 504 of the Federal Rehabilitation Act of 1973. Plaintiff indicates that the defendants he references receive funding from Medicare, but he fails to state which defendants he claims violated this act.

**B. Americans with Disabilities Act**

The Americans with Disabilities Act (ADA) is meant to remedy "widespread discrimination against disabled individuals," PGA Tour, Inc. v. Martin, 532 U.S. 661, 674, 121 S.Ct. 1879, 149 L.Ed.2d 904 (2001), including "outright intentional exclusion,...failure to make modifications to existing facilities and practices,...and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities," 42 U.S.C. § 12101(a)(5). Congress intended not only to prohibit intentional discrimination but also to prevent discrimination by "thoughtlessness and indifference" and "benign neglect." Alexander v. Choate, 469 U.S. 287, 295, 105 S.Ct. 712, 83 L.Ed.2d 661 (1985); *Crowder v. Kitagawa*, 81 F.3d 1480, 1484 (9th Cir.1996). Title II of the ADA applies to state and local governments. Daubert v. Lindsay Unified Sch. Dist., 760 F.3d 982, 985 (9th Cir.2014). Its hub broadly forbids discrimination on the basis of disability: "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

/ / /

The Ninth Circuit has described three elements of a plaintiff's case under Title II. "[T]he plaintiff must show that: (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) this exclusion, denial, or discrimination was by reason of his disability." Cohen v. City of Culver City, 754 F.3d 690, 695 (9th Cir.2014).

The Court recognizes Defendant City of Modesto and SCSD as the defendants against whom Plaintiff is attempting to assert this claim. While Plaintiff has provided his qualification as an individual with a disability, he has failed to illustrate which services, programs, or activities from which he was excluded. Thus, the claim against Defendants is not cognizable and Plaintiff will be given leave to amend this claim.

### C. Torture Victim Protection Act

Additionally, Plaintiff asserts a claim of a violation of the Torture Victim Protection Act of 1991. Plaintiff names defendants 1-14 and specifically enumerates the factual allegation from January 25, 2024. However, to bring a claim for the Torture Victim Protection Act, the individual must be "under apparent authority, or color of law, of any foreign nation." Pub.L. No. 102–256. Plaintiff was never under the authority of any foreign nation, nor under the authority of an individual acting in an official capacity for any foreign nation during any of the factual allegations listed. Thus, Plaintiff fails to bring a cognizable claim under the Torture Victim Protection Act.

### D. Potentially Cognizable Claims

The Court finds the following claims to be cognizable:

1. Plaintiff states cognizable claims against Defendant City of Modesto, Defendant SCSD, and Defendant WellPath for unconstitutional customs or policies regarding the deprivation of prescribed medical devices utilizing municipal liability. This claim specifically refers to the factual allegations on December 20, 2024.

2. Plaintiff brings a cognizable claim against all fourteen defendants for a violation of California Government Code 845.6. Plaintiff references the alleged actions that occurred on January 25, 2024. Accordingly the Court assumes Plaintiff is bringing a claim for the occurrences on that January 25, 2024. If this assumption is incorrect, Plaintiff may take leave to amend.

3. Plaintiff brings a cognizable claim against Defendants City of Modesto and Defendant SCSD for a violation of CFR Title 28 § 35.130. Plaintiff claims Defendants failed to train, supervise, and/or discipline Defendants 2-14 to recognize symptoms of disability and excluded qualified individuals from participating in or denying benefits and services provided by Defendants. While Plaintiff does not specifically state what benefits and services, he, and other qualified individuals, were excluded from, he does reference the factual allegations from January 25, 2024. Thus, the claim will proceed, but Plaintiff will be granted leave to amend this claim should the factual allegations indicated be inconsistent with his attempted claim.

## III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured, with the exception of the Torture Victim Protection Act claim, by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because some of the defects identified in this order, namely under the Torture Victim Protection Act claim, cannot be cured by amendment, Plaintiff is not entitled to leave to amend as to such claims. Plaintiff, therefore, now has the following choices: (1) Plaintiff may file an amended complaint which does not allege the claims identified herein as incurable, in which case such claims will be deemed abandoned and the Court will address the remaining claims; or (2) Plaintiff may file an amended complaint which continues to allege claims identified as incurable, in which case the Court will issue findings and recommendations that such claims be

dismissed from this action, as well as such other orders and/or findings and recommendations as may be necessary to address the remaining claims.

However, because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

**Dated: July 15, 2026**

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE